UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:14CR00168 |
| ) | Judge Trauger |
| CHRIS SUHAIL FOLAD and ) | |
| KHALED NABIL ABDEL FATTAH, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF FORFEITURE CONSISTING OF $616,246.00 UNITED STATES CURRENCY MONEY JUDGMENTS AS TO COUNTS ONE THROUGH THIRTY-ONE

Based on the representations of the United States and the convictions of Defendants Chris Suhail Folad and Khaled Nabil Abdel Fattah at the jury trial in this matter, the Court finds as follows:

**WHEREAS**, on October 22, 2014, the United States filed a Thirty-One count Indictment charging Defendants Chris Suhail Folad and Khaled Nabil Abdel Fattah at Count One with violations of 18 U.S.C. § 371 (conspiracy to commit wire fraud and computer access fraud), at Counts Two through Twenty with violations of 18 U.S.C. § 1030(a)(4) (computer access fraud) and at Counts Twenty-One through Thirty-One with violations of 18 U.S.C. § 1343 (wire fraud);

**WHEREAS,** the Forfeiture Allegation of the Indictment gave notice pursuant to 18 U.S.C. § 982(a)(2)(B), that upon conviction of the conspiracy and computer access fraud offenses alleged in Counts One through Twenty, the wire fraud offenses alleged in Counts Twenty-One through Thirty-One, Defendants, jointly and severally, shall forfeit any property constituting or derived from proceeds traceable to each violation, and if said proceeds were unavailable, then a money judgment of at least $400,000 United States currency would enter, representing said property.

**WHEREAS,** the Forfeiture Allegation of the Indictment also gave notice to Defendants that, as a result of any act or omission of Defendants Chris Suhail Folad and Khaled Nabil Abdel Fattah:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendants up to the value of said property listed above as subject to forfeiture;

**WHEREAS**, Defendants were convicted by a jury of Counts One through Thirty-One of the Indictment;

**WHEREAS,** $616,246.00 United States currency is subject to forfeiture because these funds were obtained directly or indirectly as a result of the conspiracy as charged in Count One, the computer access fraud as charged in Counts Two through Twenty and the wire fraud as charged in Counts Twenty-One through Thirty-One of the Indictment, and which constitutes or is derived from proceeds traceable to each violation; and

**WHEREAS,** as a result of any acts or omissions, the proceeds obtained as a result of the conspiracy or scheme or artifice to defraud as alleged in Counts One through Thirty-One of the Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property.

2

Case 3:14-cr-00168   Document 146   Filed 04/19/17   Page 2 of 5 PageID #: 2343

Now, therefore, based upon the conviction by jury, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the conspiracy and scheme to defraud as set forth in the offenses to which the Defendants have been convicted of in this matter are $616,246.00.

2. $616,246.00 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the conspiracy and scheme or artifice to defraud as charged in Counts One through Thirty-One of the Indictment, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of either Defendant's acts or omissions, the $616,246.00 in proceeds obtained as a result of the conspiracy and scheme or artifice to defraud to which Defendants have been convicted, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property up to $616,246.00.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgments in the amount of $616,246.00 United States currency as to Counts One through Thirty-One ("Order of Forfeiture") is hereby taken, jointly and severally, against Defendants Chris Suhail Folad and Khaled Nabil Abdel Fattah. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the defendants, and shall be

made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

  B. Specific property in the form of direct proceeds of the offense(s) and proceeds traceable thereto and any substitute assets of defendant shall be forfeited, up to the total amount of $616,246.00 United States currency by entry of a subsequent preliminary order of forfeiture against the defendant as to the direct proceeds, proceeds traceable thereto or substitute property without regard to any third party interest. Pursuant to Fed. R. Crim. P. 32.2(c), any determination of third party interest in such property will be deferred until an ancillary proceeding.

  C. The United States may engage in discovery, without further application to the Court, in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify direct proceeds, proceeds traceable thereto and substitute assets having a value up to $616,246.00 United States currency as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*, and in the manner authorized by 21 U.S.C. § 853(m), and the Federal Rules of Criminal Procedure 15 and 32.2(b)(3), to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation.

  D. The United States Probation and Pretrial Services shall provide both Defendant's Presentence Reports and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

  E. The Internal Revenue Service shall provide both Defendant's tax returns for the years 2008 through 2011 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

  F. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order of Forfeiture consisting of $616,246.00 United States currency Money

Judgments as to Counts One through Thirty-One to include direct or substitute property having a value not to exceed $616,246.00 United States currency to satisfy the Money Judgments in whole or in part.

G. The Money Judgments will be reduced in lieu of restitution for any voluntary restitution payments made by either defendant.

H. Upon payment of any Money Judgment in full, the United States shall file a satisfaction of judgments as to all money judgments with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

I. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendants shall remain jointly and severally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $616,246.00 United States currency plus statutory interest is made in full as to either money judgment.

J. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this  19th  day of   April   , 2017.

_____
Aleta A. Trauger
United States District Judge